### 10972

#### JOLLY v. MARTIN

(113 S. E., 128)

1. SPECIFIC PERFORMANCE—GRANTING SPECIFIC PERFORMANCE IS WITHIN DISCRETION OF A COURT OF EQUITY.—The granting or withholding of a judgment for specific performance is within the discretion of a Court of Equity.

2. SPECIFIC PERFORMANCE—DECREE OF SPECIFIC PERFORMANCE HELD PROPER NOTWITHSTANDING PROVISION FOR LIQUIDATED DAMAGES.— Where a contract for the sale of land gave the seller the option to treat an initial payment as liquidated damages, and the seller exercised his option not to so treat it, granting specific performance at the suit of the seller, was proper.

Before MOORE, J., Anderson, Fall term, 1921. Affirmed.

Action by George W. Jolly against R. T. Martin. Judgment for plaintiff and defendant appeals.

Suit by George W. Jolly against R. T. Martin. From a decree for plaintiff, defendant appeals. Affirmed.

Following is the decree of the trial Judge:

This action was brought by the above named plaintiff, George W. Jolly, asking for specific performance by the defendant, R. T. Martin, of a written contract for the sale to said defendant of certain real estate described in the complaint; said real estate consisting of land and buildings owned by plaintiff and occupied by him and his family as their home at the time the contract of sale was entered into with defendant, and is still so occupied by plaintiff.

The complaint alleges substantially, among other things:

That on or about the 22nd day of October, 1920, plaintiff contracted with the defendant, R. T. Martin, which

contract was committed to writing and signed by the par-
ties thereto, to sell defendant the real estate in question
upon the following terms, to wit: That the defendant
should pay to plaintiff, as the purchase price for said real
estate, the sum of $11,000, of which the sum of $1,000
was to be paid in cash and the remaining sum of $10,000
on the 1st day of January, 1921; and that upon the pay-
ment of all of the said purchase price plaintiff should ex-
ecute and deliver to defendant a good title in fee simple
to said real estate free from liens and encumbrances of
every kind; that defendant should pay all costs of insurance
and taxes in connection with said real estate from date
possession was given, and that, if the defendant failed to
make any of the payments provided for in said contract
within ten days after the same became due, then the amount
therefore paid by defendant should be taken as liquidated
damages by plaintiff and plaintiff should have the right
to consider said contract null and void at his option; that
in accordance with said contract, and simultaneously with
its execution, defendant paid plaintiff the sum of $1,000 as
a part of the purchase price of said real estate: that
shortly before the 1st day of January, 1921, the date upon
which the final payment of the remainder of the purchase
price was to be made by defendant to plaintiff, defendant
informed plaintiff that he could not and would not pay the
remander of said purchase price; that plaintiff, relying upon
defendant to comply with the terms of his contract, had
already prepared to vacate and had partly vacated said real
estate, which was plaintiff's home, and had rented another
house for occupancy by himself and family; that, when
defendant informed plaintiff he would not further comply
with the terms of his said contract, plaintiff urged de-
fendant to comply with his contract, offered defendant pos-
session of the real estate upon payment of the remainder
of the purchase price, and informed defendant that he

was ready and willing to execute and deliver to him title thereto in accordance with said contract; that plaintiff then and thereafter informed defendant that he would not release him from performance of said contract; that defendant did not, within ten days after the final payment of $10,000 became due under said contract, pay same, or any part thereof, nor has defendant since paid or offered to pay same or any part thereof; that, after the expiration of ten days from the date the remainder of the purchase price became due under said contract, plaintiff again urged defendant to pay the remainder of said purchase price, but defendant refused; that plaintiff thereupon again informed defendant that he would not release him from further compliance with said contract but, on the contrary, expected him to perform same, and that plaintiff was able, ready, and willing to execute and deliver title to said real estate in accordance with the terms of the contract; that plaintiff has always been and still is ready and willing to perform all of the terms and conditions required of him by said contract, including the execution and delivery to defendant of a good title in fee simple to said real estate free from liens and incumbrances of every kind when all of the purchase price of said real estate is paid to plaintiff; that there is now due and payable to plaintiff by defendant under said contract the sum of $10,000, with interest at the rate of 7 per cent. per annum from the 1st day of January, 1921, together with the cost of insurance and taxes in connection with said real estate from the first day of January, 1921.

The answer of defendant alleges, among other things, substantially the following:

That plaintiff is not entitled to specific performance because the alleged agreement is vague, indefinite, and uncertain; because it is manifestly unfair and inequitable, attempting to bind the defendant and leaving all options

to plaintiff; because specific performance would work a hardship, in that money conditions for which defendant is in no wise responsible, became tight, and money became impossible to raise and plaintiff suffers no loss except failure to gain; because said agreement is speculative; because there is no method whereby the Court can enforce specific performance and plaintiff has an adequate remedy at law; because compensation for breach of said agreement is provided for in liquidated damages, and plaintiff cannot retain the damages and also get specific performance; because the agreement lacks mutuality; because plaintiff was unable to convey a free unincumbered title on January 1, 1921, and because no such title was tendered to defendant on said date notwithstanding time was made of the essence of the contract; because plaintiff has not returned to defendant the liquidated damages, but has retained same, and regardless of sale price is not entitled to more damages than agreed upon as liquidated damages; because plaintiff refused to grant concessions to defendant demanding the entire purchase money, and the defendant found it impossible to perform and was forced to relinquish his rights under said agreement.

The answer also sets up an alleged counterclaim demanding judgment against plaintiff for return of the $1,000 paid by plaintiff.

The plaintiff by his reply denied the allegations of the counterclaim, and the action was brought to trial before the Court upon the issues made by the pleadings.

The following are my findings of fact and conclusions of law:

I find generally that plaintiff had performed or offered to perform all the obligations and things required of him under the agreement for sale, and is entitled to have defendant specifically perform the obligations of said agreement

imposed upon defendant thereby and which he has failed
to perform.

It was practically admitted at the trial, and I so find,
that the written agreement produced in evidence was signed,
executed and delivered by both plaintiff and defendant;
that defendant paid the $1,000 required of him by the
terms of the contract to be paid "on the execution of the
agreement," but that defendant did not pay or offer to pay
the "balance" of the purchase price at the time said agree-
ment required him to pay same or at any time; that de-
fendant informed plaintiff before January 1, 1921, the
date upon which the balance of the purchase price was due,
that he could not and would not pay said balance, and de-
fendant did not pay or offer to pay said balance of the
purchase price on January 1, 1921, or within 10 days there-
after, or at any time, although plaintiff urged and de-
manded of him that he do so several times and plaintiff
was able, ready, and willing to give defendant possession
of the premises and to execute and deliver to defendant
a good title in fee simple to same, free from liens and in-
cumbrances of every kind, in accordance with their said
agreement.

I also find that the written contract between plaintiff and
defendant was not speculative, but, on the contrary, that
plaintiff purchased the lot in question as a site for a home
for himself and family, thereafter constructing his resi-
dence and outbuildings thereon, and that at the time the
contract was entered into, plaintiff and family actually oc-
cupied the premises as a home and so occupied it for some
time; that plaintiff had paid for the lot and buildings and
was the owner thereof in fee simple when the "trade" was
made, the only incumbrance thereon being a mortgage
given by plaintiff for not more than $3,500, which plaintiff
later, and before the time fixed by the agreement for the
payment of the balance of the purchase price, had defi-

.nitely arranged to anticipate and could have anticipated and paid in full and had satisfied of record in the Clerk of Court's office for Anderson County, S. C., where it was recorded.

I further find that the defendant having informed plaintiff, previous to the date fixed by the agreement for payment of the balance of the purchase price, that he would not and could not pay same, and the defendant thereafter failing to pay or even offering to pay said balance at said time or within 10 days thereafter or at any time, it was not incumbent upon plaintiff under the terms of their agreement to tender defendant a good title in fee simple to the real estate free from liens and incumbrances at the time fixed for payment of the balance of the purchase price or at any time, because the provision of the agreement relating to the execution and delivery of the title requires all of the purchase price to be paid by defendant before plaintiff is required to execute and deliver to defendant a good title in fee simple to the real estate free from liens and incumbrances, and defendant himself admitted that he neither paid nor offered to pay the balance of the purchase at any time, and I so find.

In addition to this defendant did not claim in his testimony at the trial that he failed or refused to pay the balance of the purchase price because of the existence of said mortgage, the only reason or excuse advanced by him being that he could not "raise" the money.

I find the written agreement to be clear, definite, and certain, and not vague, indefinite, and uncertain as contended for by defendant. Nor do I find any merit in defendant's contention that the agreement lacks mutuality.

In regard to the allegations of the answer that specific performance "would work a hardship" on defendant because "money conditions" * * * "became tight" and "money impossible to raise," I find from the testimony

that it was difficult to "raise" money at the time fixed by
the agreement for payment of the balance of the purchase
price of the real estate, but the testimony does not sustain
the contention that it was "impossible" for defendant to
pay the balance of the purchase price at the time fixed by
the contract, and I so find.  I also find from the testimony
that it is not impossible for defendant to "raise" the
balance of the purchase now, and that the only probable
"hardship" resulting from his performance of the obliga-
tions imposed upon by the agreement would be that the
real estate purchased by him has decreased in market value
since the date of his purchase of same.   In this connection,
I find that the defendant was thoroughly familiar with the
value of the real estate contracted for by him, that he and
his wife both inspected same before the agreement was
signed, and that, although defendant was in the real estate
business, he purchased this particular real estate from
plaintiff for a home for himself and family and not for
speculation.

Much of the argument of defendant's counsel was di-
rected to the defense that "under the terms of the alleged
agreement the matter of compensation for its breach is
provided for in liquidated damages, and plaintiff cannot
retain the damages and get specific performance also'; this
defense involving a construction of the following provi-
sion of the agreement:

"It is agreed by and between the parties hereto that time
is the essence of this contract and that if the buyer fails
to make any of the payments as hereinabove stated within
ten days after the same is due, then, it is distinctly agreed
that the amount theretofore paid shall be taken as liqui-
dated damages by the seller, and the seller shall have the
right to consider this contract null and void at his option."

My construction of the provision above set out is that
under it the plaintiff, who was the seller, had the right at

his option, upon defendant's failure to pay the balance of the purchase price within 10 days after same was due, to either retain the $1,000 payment made upon the execution of the agreement as part payment of the entire purchase price and "consider" the contract "null and void," or to require defendant to specifically perform his part of the agreement by paying the balance of the purchase price.

And I find as a fact that the plaintiff did not agree to retain the $1,000 payment as "liquidated damages," but, on the contrary, elected to require defendant to specifically perform by paying the balance of the purchase price in accordance with the agreement, retaining the $1,000 payment, not as liquidated damages, but as part of the purchase price of the real estate. In other words, having elected to treat the contract as still operative, as he had a right to do, plaintiff could retain the portion of the purchase price already paid, to wit, $1,000, and ask the Court to require defendant to pay the balance due under the contract without returning that portion of the purchase price already paid him by defendant, and I so hold.

It has been held by the United States Supreme Court that the vendor may elect either to insist upon the "forfeiture" or enforce specific performance after default in payment of the balance of the purchase price, under a contract which provided that, if such balance was not paid on a specified date, the amount paid *"is to be forfeited, and the contract of sale and conveyance to be null and void, and of no effect in law."* (Italics mine.) Stewart v. Griffith, 217 U. S. 323, 30 Sup. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639.

In Stewart v. Griffith, supra, Mr. Justice Holmes, who delivered the opinion of the Court, among other things, says:

"The condition plainly is for the benefit of the vendor, and hardly less plainly for his benefit alone, except so far as it may have fixed a time when Stewart might have called

for performance if he had chosen to do so, which he did not. This being so, the word 'void' means voidable at the vendor's election, and the condition may be insisted upon or waived, at his choice. *Knickerbocker Life Ins. Co. v. Norton,* 96 U. S. 234, 24 L. Ed. 689; *Oakes. v. Manufacturer's F. & M. Ins. Co.,* 135 Mass. 248, 249; *Titus v. Glen Falls Ins. Co.,* 81 N. Y. 410, 419."

The provision construed in the Stewart Case did not contain language expressly giving the vendor the right to consider the contract null and void "at his option," while the provision in the contract under construction in this action contains such words.

Numerous provisions similar to that in the Stewart Case have been held to give the vendor the right to specific performance. *Kock v. Streuter,* 218 Ill., 546, 75 N. E., 1049, 2 L. R. A. (N. S.) 210.

Therefore, viewing the contract under consideration as a whole and in the light of the testimony, I am of the opinion that the provision as to "liquidated damages" and the right of the vendor to consider the contract "null and void at his option" was intended by both parties to give the plaintiff the right to insist upon specific performance, if he elected so to do, and was not intended to require the plaintiff to accept the amount paid in substitution for specific performance at the election of defendant, and I so hold.

It is therefore ordered, adjudged, and decreed:

That said contract as evidenced by the written agreement introduced in evidence in this action be specifically performed; that defendant, within 30 days after service upon him of a certified copy of this decree, pay to the Clerk of the Court of Common Pleas for Anderson County, S. C., the balance of the purchase price of the real estate referred to in said written agreement and more fully described in the complaint, to wit, the sum of $10,000, together with the

costs and disbursements of this action; that thereupon the
plaintiff, within 10 days after payment by defendant of
said sum of $10,000 and said costs and disbursements to
said clerk, do execute in favor of defendant a good title
in fee simple to said real estate free from liens and in-
cumbrances of every kind and deliver same unto said clerk,
thereupon said clerk shall pay over said sum of $10,000
unto the plaintiff or his attorneys and shall also pay all
the costs and disbursements of this action and upon de-
mand shall deliver said title unto the defendant or to his
attorney.

That upon the failure of defendant so to pay over to said
clerk said sum of money as above directed, the Probate
Judge of Anderson County, S. C., as special referee, is
hereby directed to sell said real estate at public outcry be-
fore the court house door at Anderson, S. C., to the highest
bidder for cash (purchaser to pay extra for papers and
stamps), according to the usual custom of public sales,
after having advertised the same in the Anderson Daily
Mail for the length of time provided by law, on the sales-
day next ensuing, or upon some convenient salesday there-
after, and, upon compliance by the purchaser with the
terms of sale, that he do execute and deliver to said pur-
chaser a good and sufficient title to said real estate in fee sim-
ple, free from incumbrances, and that the said purchaser be
let into possession upon the production of said deed. That
upon the failure of said purchaser to comply, the said spe-
cial referee shall re-advertise and resell said real estate as
often as may be necessary in the same manner and upon
the same terms.

That out of the proceeds of said sale said special referee
shall pay all costs and disbursements of this action, in-
cluding the expenses of advertising and sale, and shall pay
the balance, if any, over to the plaintiff or to his attorney;

and that the plaintiff have leave to enter judgment against the defendant for any deficiency.

*Mr. Leon L. Rice,* for appellant, cites: *Liquidated damages:* 11 Rich. Eq., 225. *Vendee may refuse to comply until encumbrances are removed:* 57 S. C., 131; 25 R. C. L. 277. *Speculative contracts:* 114 S. C. 245. *Equity will not intervene if there is remedy at law:* 25 R. C. L., 270. *Specific performance in discretion of Court:* 25 R. C. L. 270. *Contract lacks mutuality:* 68 S. C., 440. *Performance will not be decreed where liquidated damages have been provided for its breach:* 94 S. C., 188; 67 S. C., 462; 190 Ill., 629; 124 N. E., 237; 184 S. W., 244; 55 Am. Rep. 871; 53 N. E. 576; 28 R. A., 215; 75 N. E., 1049; 9 S. C., 374; 82 S. C., 297; 11 Rich. L. 554.

*Messrs. Sullivan & Cooley* for respondent cite: *Equity may decree performance even where there is remedy at law:* 107 S. C., 465; 25 R. C. L., 271. *Seller is not compelled to accept liquidated damages in lieu of performance by the buyer:* 27 U. S., 323; 2 L. R. A. (N. S.), 210; 47 Pac., 556; 70 N. Y. S., 1096; 80 N. W., 458; 87 N. Y., 400; 11 Rich. Eq., 225; 130 Iowa, 498; 8 Ann. Cas., 357; 95 S. C., 184. *Decrease in market value does not destroy right to performance:* 100 S. E. 541; 37 S. E., 141. *Seller need not remove encumbrances where buyer has refused to comply:* 111 S. C., 49.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for specific performance. A full statement of the facts and a sufficient statement of the law will be found in the opinion of Judge Moore from whose decree this appeal is taken. The record contains no statement of any evidence that shows a mistake in findings of fact. The granting or withholding of a

·judgment for specific performance is within the discretion of the Court of Equity, and the record shows that his Honor wisely exercised his discretion. There was no speculation, inadequacy in price, or anything else, to indicate that it is inequitable to require specific performance. This case gave the seller the option to treat the initial payment as liquidated damages. The seller has exercised his option not to so treat it. In this and in other respects, this case is not like *Sumner v. Bankhead* (S. C.), 111 S. E., 892. The decree appealed from fully answers all the questions raised.

Let the decree of Judge Moore be reported, and it stands affirmed.